**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Calvin STUBBS and James Jackson,**
**Defendants-Appellants.**

No. 72-1742.

United States Court of Appeals, Sixth Circuit.

Argued Feb. 8, 1973.

Decided April 6, 1973.

Much of appellants' brief on appeal is devoted to the claim that Jackson was pursuing a laudable activity in providing needed housing and Stubbs was pursuing a similarly laudable activity in providing needed employment for black tradesmen. The testimony at trial, however, also provided the jury with ample evidence upon which to conclude (as it obviously did) that Stubbs and Jackson conspired to require a man named Sledge and an attorney named Fechheimer to pay $43,000 to Jackson in connection with a building project called the Gladstone Project (which sum Sledge and Fechheimer obviously did not think was owed), and that Stubbs threatened repeatedly to kill Sledge and/or Fechheimer, and offered in addition to kill Sledge's wife and eight children unless this payment was made.

Dennis W. Archer, Detroit, Mich., for defendants-appellants; Hall, Stone, Allen, Archer & Glenn by Elliott S. Hall, Alex J. Allen, Jr., Detroit, Mich., on brief.

Jill Wine Volner, Washington, D. C., for plaintiff-appellee; Ralph B. Guy, Jr., U. S. Atty., Detroit, Mich., Gerard P. Martin, U. S. Dept. of Justice, Washington, D. C., on brief.

Before EDWARDS and McCREE, Circuit Judges, and YOUNG,* District Judge.

PER CURIAM.

Appellants Stubbs and Jackson were convicted before a United States District Judge in the Eastern District of Michigan, Southern Division, of interference with commerce by means of extortion and of conspiracy to so interfere, in violation of the Hobbs Act, 18 U.S.C. § 1951 (1970). Both were found guilty as principals under 18 U.S.C. § 2 (1970). Stubbs received two seven-year concurrent sentences, and Jackson received two five-year concurrent sentences. Jackson was a building contractor and Stubbs was founder and president of Local 124, United Construction and Trades Union, which was a Negro building trades union organized in opposition to the predominantly white Detroit Building Trades Council.

The principal legal defense on appeal is that Jackson didn't make any threats and, hence, was entitled to have his motion for acquittal granted. There was testimony, however, from which the jury could have found that Jackson made the first demand upon Sledge for the $43,000; that subsequently he told Stubbs about his demand and about Sledge's refusal; that he also was responsible for bringing Stubbs to a meeting in Fechheimer's office where threats previously made to Sledge were repeated by Stubbs, and that Jackson walked out of the meeting with the $43,000 which had been extorted by Stubbs' threats. Under these facts we find no error in the District Judge's denial of the motion for acquittal.

Appellants also seek reversal and new trial, alleging that testimony given by those threatened about Stubbs' reputation for violence was not admissible. The rule in extortion cases differs from the general rule however. The Second Circuit has stated it as follows:

> In a Hobbs Act case, the Government must prove that property was extorted from the victim by threats of violence

---

* Honorable Don J. Young, United States District Judge, Northern District of Ohio, sitting by designation.

**628**

or because of the victim's fear. Hence appellant's reputation for violence is relevant as one of the crucial factors in determining this element. Inasmuch as the prosecution provided appellant with advance warning that this evidence would be introduced and the district court carefully cautioned the jury on the limited use of this testimony, there was no error. United States v. DeMasi, 445 F.2d 251, 257 (2d Cir.), cert. denied, 404 U.S. 882, 92 S.Ct. 211, 30 L.Ed.2d 164 (1971). *See also* United States v. Tropiano, 418 F.2d 1069 (2d Cir. 1969), cert denied 397 U.S. 1021, 90 S.Ct. 1262, 25 L.Ed.2d 530 (1970); Carbo v. United States, 314 F.2d 718 (9th Cir. 1963); United States v. Marchesani, 457 F.2d 1291 (6th Cir. 1972). Additionally, this court has just considered the same issue and followed the reasoning of the above-cited decisions. United States v. Billingsley, 474 F.2d 63 (6th Cir. 1973).

We find no reversible error in the District Judge's instructions to the jury. There was no objection at trial to the instructions now objected to, and we find that they contain no plain error. Fed.R.Crim.P. 30, 52(b).

The judgment of the District Court is affirmed.